UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _1/14/2022_

Robinson Jimenez,

                    Plaintiff,

            —v—

Alejandro Mayorkas, Secretary, U.S. Department of
Homeland Security, *et al.*,

                    Defendants.

18-cv-11923 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiff Robinson Jimenez seeks review of U.S. Citizenship and Immigration Services'
("USCIS") decision to deny his application for naturalization. Defendants move to dismiss
under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to
dismiss is GRANTED.

## I.   BACKGROUND

Plaintiff, a citizen of the Dominican Republic, has resided in the United States as a lawful
permanent resident since 1991. First Amended Compl., Dkt. No. 19 ¶ 6.

In 2016, Plaintiff filed an application for naturalization with USCIS. *Id.* ¶ 16. USCIS
denied the application finding that because Plaintiff was convicted of an aggravated felony, he
could not establish "good moral character," a statutory requirement for naturalization. Dkt. No.
19-1 at 51–52. According to USCIS, the aggravated felony derived from Plaintiff's conviction
under New York Penal Law § 220.16(1). *Id.*

After his application was denied, Plaintiff timely filed an administrative appeal with the
agency. *Id.* ¶ 16, 20. Plaintiff argued that the USCIS director erroneously concluded that his

conviction fell under subsection (1) of New York Penal Law § 220.16.  *Id.* ¶ 20.  Plaintiff argued that he was instead convicted under a different subsection of § 220.16 for possession, which is not an aggravated felony as a matter of law.  *Id.*

On September 11, 2018, USCIS denied Plaintiff's request for rehearing and application for naturalization.  *Id.* ¶ 22.  USCIS found that Plaintiff's evidence did not conclusively indicate which subsection of § 220.16 he was convicted of violating.  Dkt. No. 19-1 at 2–4.  Since Plaintiff failed to establish that he was convicted only for simple possession, he did not meet his burden of establishing "by a preponderance of the evidence that he . . . meets all of the requirements for naturalization."  *Id.* at 3 (quoting 8 C.F.R. § 316.2(b)).  Accordingly, USCIS issued a final administrative denial of Plaintiff's naturalization application.  *Id.*

On December 18, 2018, Plaintiff sought review of this denial by this court.  Compl., Dkt. No. 1.  Before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint.  Dkt. No. 38.  The motion is fully briefed.  Dkt. No. 42, 47.

## II.   LEGAL STANDARD

When a defendant moves to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), the Court must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor."  *LaFaro v. N.Y. Cardiothoracic Grp.*, *PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted).  The complaint will survive the motion to dismiss if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

District courts review denials of naturalization applications *de novo*, making their own findings of fact and conclusions of law.  8 U.S.C. § 1421(c).  A prerequisite for naturalization is

a finding that the applicant is "a person of good moral character." 8 U.S.C. § 1427(a). "No person shall be regarded as, or found to be, a person of good moral character who . . . at any time has been convicted of an aggravated felony." 8 U.S.C. § 1101(f)(8).

To determine whether the state conviction at issue counts as an aggravated felony, courts generally employ the so-called "categorical approach," "look[ing] not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (cleaned up). The convicted individual's actual conduct is "irrelevant." *Id*. What matters is whether the "least of the acts" criminalized under the state law "necessarily involve[s] facts equating to the generic federal offense." *Id*. at 190–91 (cleaned up). When the "minimum criminal conduct" necessary for conviction under the state statute is an aggravated felony under federal law, the state conviction will count as an aggravated felony. *Oouch v. U.S. Dep't of Homeland Sec.*, 633 F.3d 119, 122 (2d Cir. 2011).

The categorical approach, however, presents "a problem in cases where the statute of prior conviction covers multiple subjects." *United States v. Beardsley*, 691 F.3d 252, 260 (2d Cir. 2012). For example, one state statute may proscribe two types of conduct—one that matches the generic federal offense and one that does not. *See Descamps v. United States*, 570 U.S. 254, 257 (2013). When a statute defines multiple crimes by criminalizing "multiple acts in the alternative," the statute is considered "divisible," and the modified categorical approach applies. *United States v. Moore,* 916 F.3d 231, 238 (2d Cir. 2019); *see also Descamps*, 570 U.S. at 257. But, "[a] statute is not considered divisible if, instead of defining multiple crimes, it lists various factual means of committing a single crime." *Moore*, 916 F.3d at 238.

Once a court determines that the statute is divisible such that modified categorical approach is appropriate, it may then examine certain records underlying the state conviction. This limited set of records—the *Shepard* documents[1]—include "the charging document, jury instructions, plea agreement, plea colloquy transcript, or 'some comparable judicial record of the factual basis for the plea.'" *United States v. Thorpe*, 15-CR-211 (NGG), 2016 WL 676395, at *8 (E.D.N.Y. Feb. 18, 2016) (quoting *Moncrieffe*, 569 U.S. at 191). The purpose of this inquiry is "to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). Then, the court "compare[s] that crime, as the categorical approach commands, with the relevant generic offense." *Id.*

In this context, an aggravated felony includes drug trafficking crimes as defined by 18 U.S.C. § 924(c). 8 U.S.C. § 1101(a)(43)(B). Therefore, conviction of an aggravated felony by virtue of a drug trafficking crime precludes USCIS from granting naturalization.

## III.   DISCUSSION

Defendants argue that Plaintiff has failed to state a claim because he has previously been convicted under New York Penal Law § 220.16(1), an aggravated felony, which renders him ineligible for naturalization. For the reasons set forth below, the Court agrees.

### A.   Since § 220.16 is Divisible, the Modified Categorical Approach Applies

Defendants argue that the at-issue statute, New York Penal Law § 220.16, is divisible and so this Court should use the modified categorical approach to determine whether Plaintiff has been convicted of an aggravated felony. Dkt. No. 39 at 10–14. Plaintiff disputes this approach and argues that the statute is indivisible and that the categorical approach applies. Dkt. No. 42 at 14–16.

---

[1] *See Shepard v. United States*, 544 U.S. 13 (2005).

The Second Circuit implicitly applied the modified categorical approach to N.Y. Penal Law § 220.16 when it recognized at least two distinct ways a defendant could be guilty under the statute, thereby finding it divisible. *See United States v. Green*, 480 F.3d 627, 629–30 (2d Cir. 2007). Applying this precedent, the Court concludes that § 220.16 is divisible because it criminalizes "multiple acts in the alternative" rather than listing various factual methods of committing the same crime. *Moore*, 916 F.3d at 238. "The structure and varying subsection requirements of § 220.16 support the conclusion that the statute is divisible." *Stevenson v. United States*, 3:12-CR-145, 2019 WL 845418, at *6 (M.D. Pa. Feb. 21, 2019). The statute contains thirteen subsections, each of which are separated by an "or."[2] Some of the sections require an "intent to sell" while others do not. N.Y. Penal Law § 220.16. A plain reading demonstrates that these thirteen subsections are "alternative elements phrased disjunctively, and thus can be separated to form distinct offenses." *Thorpe*, 2016 WL 676395, at *7. Therefore, the Court analyzes the issue here using the modified categorical approach.

---

[2] N.Y. Penal Law § 220.16 reads, in its entirety: "A person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses:
1. a narcotic drug with intent to sell it; or
2. a stimulant, hallucinogen, hallucinogenic substance, or lysergic acid diethylamide, with intent to sell it and has previously been convicted of an offense defined in article two hundred twenty or the attempt or conspiracy to commit any such offense; or
3. a stimulant with intent to sell it and said stimulant weighs one gram or more; or
4. lysergic acid diethylamide with intent to sell it and said lysergic acid diethylamide weighs one milligram or more; or
5. a hallucinogen with intent to sell it and said hallucinogen weighs twenty-five milligrams or more; or
6. a hallucinogenic substance with intent to sell it and said hallucinogenic substance weighs one gram or more; or
7. one or more preparations, compounds, mixtures or substances containing methamphetamine, its salts, isomers or salts of isomers with intent to sell it and said preparations, compounds, mixtures or substances are of an aggregate weight of one-eighth ounce or more; or
8. a stimulant and said stimulant weighs five grams or more; or
9. lysergic acid diethylamide and said lysergic acid diethylamide weighs five milligrams or more; or
10. a hallucinogen and said hallucinogen weighs one hundred twenty-five milligrams or more; or
11. a hallucinogenic substance and said hallucinogenic substance weighs five grams or more; or
12. one or more preparations, compounds, mixtures or substances containing a narcotic drug and said preparations, compounds, mixtures or substances are of an aggregate weight of one-half ounce or more; or
13. phencyclidine and said phencyclidine weighs one thousand two hundred fifty milligrams or more.
Criminal possession of a controlled substance in the third degree is a class B felony."

**B. Plaintiff Was Previously Convicted under New York Penal Law § 220.16(1)**

Applying the modified categorical approach, the Court must determine whether Plaintiff has been previously convicted of an aggravated felony.  The modified categorical approach allows the Court to examine Plaintiff's indictment and Certificate of Disposition.  *See Green*, 480 F.3d 627 (considering both the indictment and Certificate of Disposition as *Shepard* documents under the modified categorical approach).

Although Plaintiff's Certificate of Disposition indicates that he was convicted by plea under § 220.16, it does not specify under which subsection.  Dkt. No. 19-2 at 117.  Nevertheless, if the Certificate of Disposition lists only one conviction under a particular statute, a court can conclude that the indictment elucidates the subsection a defendant was convicted under.  *See United States v. King*, 325 F.3d 110, 114 (2d Cir. 2003); *see also United States v. Taylor*, 11 Cr. 310 (PGG), 2012 WL 5991886, at *4 (S.D.N.Y. Nov. 30, 2012), aff'd sub nom. *United States v. Fitzgerald*, 542 F. App'x 30 (2d Cir. 2013) (holding that since defendant pled guilty under § 220.16 and "the only Section 220.16 charge in the indictment is for a violation of Section 220.16(1) . . . the Court may conclude that [defendant] pleaded guilty to violating this specific subsection").

The indictment accuses Plaintiff "of the crime of criminal possession of a controlled substance in the third degree, P.L. § 220.16. committed as follows . . . knowingly and unlawfully possessed a narcotic drug, to wit, cocaine, with intent to sell the same."  Dkt. No. 19-1 at 22–24.  This aligns with the language of subsection (1), "[a] person is guilty of criminal possession of a controlled substance in the third degree when he knowingly and unlawfully possesses . . . a narcotic drug with intent to sell it."  N.Y. Penal Law § 220.16(1).  Since Plaintiff was indicted under subsection (1) and his Certificate of Disposition shows that he was convicted by plea of

6

New York Penal Law § 220.16, the Court concludes that Plaintiff was previously convicted under subsection (1).

### C.  Plaintiff is Ineligible for Naturalization

A conviction under New York Penal Law § 220.16(1) is considered an aggravated felony. *See Heredia v. Sessions*, 865 F.3d 60, 62 (2d Cir. 2017) (conviction under "220.16(1) . . . is an aggravated felony under the Immigration and Nationality Act ("INA") because it is a drug trafficking offense"); *Espinal v. Lynch*, 665 F. App'x 65, 66 (2d Cir. 2016) (same); *United States v. Brown*, 97 F. App'x 348, 349–50 (2d Cir. 2004) (holding that the district court did not err in finding a previous conviction under of a "drug trafficking offense" when defendant was indicted for "knowingly and unlawfully possess[ing] a narcotic drug, to wit, cocaine, with intent to sell the same" and he pled guilty to that offense).  Therefore, Plaintiff's prior conviction precludes naturalization.  8 U.S.C. § 1101(f)(8).  Since Plaintiff is ineligible for naturalization, he has failed to state a claim upon which relief can be granted.

## IV.   CONCLUSION

The Court GRANTS Defendants' motion to dismiss. This resolves docket number 38. Docket numbers 14, 20, and 37 are dismissed as moot.  The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: January 13, 2022
    New York, New York

_____
ALISON J. NATHAN
United States District Judge